# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SCOTT G. ADAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:16-CV-1185-VEH |
| | ) |
| **DITECH FINANCIAL LLC,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND
## PRO TANTO DISMISSAL ORDER

### I.   Introduction and Procedural History

Plaintiff Scott G. Adams ("Mr. Adams"), who is representing himself, initiated this lawsuit on June 23, 2016, in the Circuit Court of Etowah County. (Doc. 1-1 at 4).[1] The litigation involves allegations of wrongful foreclosure, fraud, and several other state law claims against fictitious parties and two expressly named Defendants–Ditech Financial LLC ("Ditech"), as a loan servicer, and Fannie Mae ("Fannie"), as the lender. (*See generally* Doc. 1-1 at 4-11). Ditech removed Mr. Adams's case to federal court on July 19, 2016. (Doc. 1).

Because Mr. Adams failed to ever perfect service on Fannie, on October 19,

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

2016, the court entered an order directing him to show good cause within 21 days why this action should not be dismissed against Fannie pursuant to FED. R. CIV. P. 4(m). (Doc. 13 at 1); *see also* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Under Rule 4(m), the 90-day deadline[2] to serve Fannie as measured by the date of Ditech's removal expired on October 17, 2016.

Further, the court's 21-day show cause deadline ran on November 9, 2016. Mr. Adams has neither filed a response, perfected service on Fannie, nor otherwise demonstrated good cause as unambiguously required by the court. Consequently, his case against Fannie (only) is due to be dismissed without prejudice *sua sponte*.

**II.    Analysis**

As the foregoing procedural history reveals, Mr. Adams has neither complied with Rule 4(m) nor provided any explanation for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

[2] Effective December 1, 2015, the time to perfect service under Rule 4(m) was reduced from 120 days to 90 days.

claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Mr. Adams's failure to even attempt to comply with the show cause order or otherwise indicate an intent that he still wishes to pursue claims against Fannie (*e.g.*, such as by seeking an extension of time in which to perfect service on it), the court possesses the inherent power to dismiss his case against Fannie *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of its show cause order, Mr. Adams was put on notice that the court was considering whether to dismiss his claims against Fannie for lack of prosecution and, nonetheless, he ignored that warning and filed nothing. Even an unrepresented party's case against a defendant is subject to dismissal when that litigant demonstrates an unwillingness to comply with court orders. *Cf., e.g. Moon*, 863 F.2d at 838 ("Moon's conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders."); *id.* at 838 n.5 ("[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980))).[3]

Guided by the foregoing authorities, the court concludes that dismissing Mr. Adams's action against Fannie "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, given Mr. Adams's *pro se* status and because

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

...

such a dismissal is consistent with the express wording of Rule 4(m). *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Mr. Adams's claims against Fannie, if any, are not barred from further litigation by such an order.

### III. Conclusion

Therefore, Mr. Adams's claims against Fannie (only) are **HEREBY DISMISSED WITHOUT PREJUDICE** *sua sponte* due to his failure to prosecute–more particularly, to explain why he was unable to perfect service on Fannie in a timely manner–as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's October 19, 2016, show cause order. Mr. Adams's claims against Ditech are unaffected by this ruling and remain pending. Finally, all future pleadings or other filings shall use the case style set forth above.

**DONE** and **ORDERED** this 15th day of November, 2016.

                                                     **VIRGINIA EMERSON HOPKINS**
                                                   United States District Judge