FILED
2017 Feb-21  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **SCOTT G. ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  4:16-CV-1185-VEH** |
| | ) | |
| **DITECH FINANCIAL LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

### I.    Introduction and Procedural History

Plaintiff Scott G. Adams ("Mr. Adams"), who is representing himself, initiated

this lawsuit on June 23, 2016, in the Circuit Court of Etowah County. (Doc. 1-1 at 4).[1]

The litigation involves allegations of wrongful foreclosure, fraud, and several other

state law claims against Defendant Ditech Financial LLC ("Ditech") in its capacity

as a loan servicer.[2] (*See generally* Doc. 1-1 at 4-11). Ditech removed Mr. Adams's

case to federal court on July 19, 2016. (Doc. 1).

On January 5, 2017, the court held a hearing on Ditech's Motion To Compel

Mr. Adams to provide overdue initial disclosures and discovery responses to its

---

[1]   All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

[2]   Co-Defendant Fannie Mae was dismissed on November 15, 2016, for failure to prosecute. (Doc. 14).

interrogatories and document requests. (*See* CM/ECF minute entry dated Jan. 5, 2017). Mr. Adams had advance notice of this hearing (Doc. 16), but neither showed up for it nor asked the court to reschedule the date. Mr. Adams also did not file any opposition to the Motion To Compel despite having a specific deadline of December 30, 2016, to do so. (*Id.* at 1). This same order warned Mr. Adams that his "<u>failure to oppose the Motion or attend the hearing . . . may result in the dismissal of his case with or without prejudice</u>." (Doc. 16 at 2).

Shortly after the hearing, on January 10, 2017, the court detailed the history of Mr. Adams's discovery non-compliance, granted Ditech's Motion To Compel, and ordered Mr. Adams to substantially comply with <u>all</u> of his discovery obligations no later than February 7, 2017. (Doc. 21 at 3-4). Within this same order, the court cautioned:

> ● Mr. Adams is further **HEREBY WARNED** that if he fails to timely and substantively comply with the requirements of this order, **<u>his case will be DISMISSED WITH PREJUDICE due to his ongoing pattern of ignoring his discovery obligations and failing to follow court orders</u>**.

(Doc. 21 at 4). The court further established the deadline of February 10, 2017, for Ditech's counsel to file a notice of non-compliance if Mr. Adams failed to substantially comply with the January order. *Id.*

Pending before the court is Ditech's Amended Notice of Non-Compliance

(Doc. 24) (the "Amended Notice") filed on February 13, 2017.[3] The Amended Notice outlines the multiple ways Mr. Adams has disregarded the requirements of the January order:  (i) Mr. Adams still has not served Ditech with his initial disclosures (Doc. 24 at 1 ¶ 1); (ii) Mr. Adams still has not served Ditech with his responses to its requests for production (Doc. 24 at 1 ¶ 2); (iii) Mr. Adams still has not provided Ditech with copies of any documents that are responsive to its requests for production (*id.*); and (iv) Mr. Adams still has not served Ditech with signed and sworn to answers to its interrogatories. (Doc. 24 at 2 ¶ 3). Based upon these ongoing discovery deficiencies, Ditech has requested that the court dismiss Mr. Adams's case with prejudice. (Doc. 24 at 2 ¶ 4).

## II.    Analysis

As the foregoing procedural history reveals, Mr. Adams has neither substantially complied with the January order nor provided any explanation for this non-compliance. Consequently, Mr. Adams's discovery obligations, including his initial disclosures that were originally due to Ditech on September 26, 2016 (Doc. 15 at 3 ¶ 3), remain outstanding with no reasonable expectation that this unacceptable status will ever be cured. Under the Federal Rules of Civil Procedure, "[i]f the

---

[3]  The Amended Notice replaces the original one Ditech filed on February 9, 2017, that contained a deficient certificate of service. (Doc. 22); (*see also* Doc. 23 (ordering Ditech to file a corrected Notice)).

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Mr. Adams's pattern of non-compliance and disregard for orders, the court possesses the inherent power to dismiss his entire case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and [e]nsure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an

order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of

discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added)

(citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here,

Mr. Adams was put on unambiguous notice that the court would dismiss his claims

<u>with prejudice</u> against Ditech if he did not substantially comply with the January

order and, nonetheless, he ignored that warning, missed his February deadlines, and

remains inexcusably non-compliant with his discovery obligations. Further, because

of Mr. Adams's abysmal record of willfully missing deadlines, including several pre-

dating the January order as discussed above, the court has no reason to believe that

Mr. Adams's flagrant disregard of his obligations as a litigant would be rectified by

an order containing lesser sanctions. *See Betty K Agencies, Ltd. v. M/V MONADA*,

432 F.3d 1333, 1337 (11th Cir. 2005) ("[A] dismissal *with prejudice*, whether on

motion or *sua sponte*, is an extreme sanction that may be properly imposed only

*when*: '(1) a party engages in a clear pattern of delay or willful contempt

(contumacious conduct); and (2) the district court specifically finds that lesser

sanctions would not suffice.'" (emphasis in original) (quoting *World Thrust Films,*

*Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995))). Even an

unrepresented party's case against a defendant is subject to dismissal when that

litigant demonstrates an unwillingness to comply with court orders. *Cf., e.g. Moon*,

863 F.2d at 838 ("Moon's conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders."); *id.* at 838 n.5 ("[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980))).[4]

Guided by the foregoing authorities, Ditech's request for a dismissal with prejudice contained in its Amended Notice is due to be granted and Mr. Adams's lawsuit is due to be dismissed with prejudice. *See Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case.").

## III.   Conclusion

Mr. Adams has refused to comply with multiple orders concerning his deficient discovery. Mr. Adams also has been expressly warned more than once about the possible dismissal of his case. Therefore, the relief sought by Ditech is appropriate, and Mr. Adams's lawsuit is due to be dismissed with prejudice. The court will enter

---

[4]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a separate final judgment order.

       **DONE** this 21st day of February, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge